# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| KELLY BANKS ) | CIVIL ACTION NO. 2:13-CV-2615-CWH |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant. ) | |
| _____ ) | |

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Kelly Banks ("Plaintiff") is a natural person who at all relevant times resided in the State of South Carolina, County of Colleton, and City of Walterboro.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Defendant Portfolio Recovery Associates, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a personal credit card (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In connection with the collection of the Debt, Defendant sent Plaintiff initial written communication dated September 12, 2012 that provided the notices required by 15 U.S.C. § 1692g *et seq.* (See September 12, 2012 Correspondence, attached as Exhibit A).

12. Plaintiff sent Defendant written communication dated October 1, 2012, that requested verification of the Debt and demanded that Defendant cease and desist from

any and all further calls to Plaintiff.  (See October 1, 2012 Correspondence, attached as Exhibit B).

13. Upon information and good-faith belief, Defendant received Plaintiff's October 1, 2012 correspondence on or about October 3, 2012.

14. Despite Plaintiff's cease and desist demand, Defendant placed calls to Plaintiff, including, but not limited to, the following dates and times:

1) October 4, 2012 at 2:36 P.M.;
2) October 8, 2012 at 8:01 P.M.;
3) October 20, 2012 at 1:21 P.M.;
4) October 22, 2012 at 5:21 P.M.;
5) October 24, 2012 at 5:21 P.M.;
6) October 26, 2012 at 5:11 P.M.;
7) October 28, 2012 at 5:12 P.M.;
8) October 30, 2012 at 7:02 P.M.;
9) November 1, 2012 at 5:02 P.M.;
10) November 9, 2012 at 5:01 P.M.;
11) November 17, 2012 at 2:20 P.M.;
12) November 19, 2012 at 5:00 P.M.;
13) November 23, 2012 at 8:31 P.M.; and
14) November 27, 2012 at 4:30 P.M.

15. During the above-referenced calls, Defendant communicated with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts.

16. Defendant placed the above-referenced calls with the intent to harass Plaintiff by continuing to call despite Plaintiff's written cease and desist demand.

17. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated December 5, 2012 that provided verification of the Debt. (See December 5, 2012 Correspondence, attached as Exhibit C).

18. During the above-referenced call, Defendant continued to contact Plaintiff without having first provided verification of the debt, after having received a written communication from Plaintiff disputing the debt, since Defendant did not provide verification until its December 5, 2012 correspondence.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(c)

19. Plaintiff repeats and re-alleges each and every factual allegation above.

20. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d

21. Plaintiff repeats and re-alleges each and every factual allegation above.

22. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(b)

23. Plaintiff repeats and re-alleges each and every factual allegation above.

24. Defendant violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff without having first provided verification of the debt, after having received a written communication from Plaintiff disputing the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 24th day of September, 2013.

> Respectfully submitted,
>
> /s/ Holly E. Dowd
> Holly E. Dowd (S.C. Bar No. 77897)
> Weisberg & Meyers, LLC
> 822 Camborne Place
> Charlotte, NC 28210
> (888) 595-9111 ext. 260
> (866) 565-1327 (fax)
> hdowd@attorneysforconsumers.com
>
> ATTORNEYS FOR PLAINTIFF

*Please send correspondence to the address below*

> Holly E. Dowd
> ***Weisberg & Meyers, LLC***
> 5025 N. Central Ave. #602
> Phoenix, AZ 85012